OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court entered February 10, 2011 which granted plaintiffs motion for summary judgment and denied defendant’s cross motion for summary judgment dismissing the complaint. A judgment was subsequently entered, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
Inasmuch as defendant raises no issue on appeal with regard to plaintiff’s establishment of its prima facie entitlement to summary judgment, we do not pass upon the propriety of the determination of the Civil Court with respect thereto.
It is uncontroverted that plaintiff submitted five claims to defendant, which defendant received from October 2009 through January 2010, and which defendant denied by NF-10 denial of claim forms dated May 3, 2010 and May 28, 2010. As the affidavit of defendant’s litigation specialist failed to demonstrate that defendant had tolled its time to pay or deny the claims by timely requesting verification from plaintiff (see Insurance Department Regulations [11 NYCRR] §§ 65-3.5 [b]; 65-3.6 [b]), any precludable defense, such as a defense based upon the fees charged being in excess of the workers’ compensation fee schedule for chiropractors, would have been precluded (see Great Wall Acupuncture, P.C. v GEICO Ins. Co., 25 Misc 3d 137[A], 2009 NY Slip Op 52308[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As a result, with respect to plaintiff’s $614.80 claim, to the extent defendant partially paid the claim and denied $131.18 thereof on the ground that the fees charged were in excess of the workers’ compensation fee schedule, plaintiff is entitled to summary judgment upon the $131.18 unpaid portion of that claim.
*23 With respect to the four claims on which no amount was paid, defendant argued that plaintiffs assignor had exhausted the benefits available under the terms of the subject Pennsylvania automobile insurance policy, which had a $5,000 limit. A defense of no coverage due to the exhaustion of an insurance policy’s limit may be asserted by an insurer despite its failure to issue an NF-10 denial of claim form within the requisite 30-day period (see New York & Presbyt. Hosp. v Allstate Ins. Co., 12 AD3d 579, 580 [2004]; Crossbridge Diagnostic Radiology v Encompass Ins., 24 Misc 3d 134[A], 2009 NY Slip Op 51415[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see also Zappone v Home Ins. Co., 55 NY2d 131 [1982]; Presbyterian Hosp. in City of N.Y. v General Acc. Ins. Co. of Am., 229 AD2d 479, 480 [1996]). Nevertheless, New York law requires an insurance company which is, among other things, authorized to transact business within the state to abide by New York’s financial security requirements (see Insurance Law § 5107 [a]; Insurance Department Regulations [11 NYCRR] § 65-1.8). Article 6 of the Vehicle and Traffic Law provides that an owner’s policy of liability insurance must afford minimum coverage to any one person in the sum of $25,000 where injury is sustained, and coverage to two or more people in the sum of $50,000 (see Vehicle and Traffic Law § 311 [4]). Moreover, the “Out of State Insurance” section of the Pennsylvania policy states that “[w]e will increase the policy limits to the required minimum limits of any state that requires a minimum Financial Responsibility limit for nonresidents. This shall occur if an insured person is operating an auto in that state.”
Defendant, however, provided no information as to whether, in the State of New York, it is an authorized or unauthorized insurer pursuant to Insurance Department Regulations (11 NYCRR) § 65-1.8, or whether it is “authorized to transact or transacting business in this state,” or is “controlling or controlled by or under common control by or with such an insurer” (Insurance Law § 5107 [a]). We note, in addition, that the record does not indicate whether an insured person was driving the vehicle in question. Therefore, defendant did not meet its burden of showing that it is not required to satisfy the financial security requirements of New York, despite the fact that the policy was issued in Pennsylvania, so as to warrant the granting of its cross motion for summary judgment. Nor did defendant even raise a triable issue of fact so as to entitle defendant to the denial of plaintiffs motion for summary judgment. We note that *24 defendant’s remaining contentions are unpreserved for appellate review or lack merit.
Accordingly, the judgment is affirmed.
Rios, J.E, Aliotta and Solomon, JJ., concur.