OPINION OF THE COURT
 

 Memorandum.
 

 Ordered that the order is affirmed, with $25 costs.
 

 In this action by a provider to recover assigned first-party no-fault benefits, it is undisputed that defendant denied plaintiff's claim on May 10, 2011 on the ground of lack of medical necessity. In May 2014, defendant moved for summary judgment dismissing the complaint on the ground that the amount of available coverage had been exhausted. By order entered April 1, 2015, the Civil Court denied defendant’s motion.
 

 At the outset, we note that, although defendant did not deny the claim on the ground that the coverage limits of the insurance policy at issue had been exhausted, this defense is not precluded
 
 (New York & Presbyt. Hosp. v Allstate Ins. Co.,
 
 12 AD3d 579 [2004];
 
 Flushing Traditional Acupuncture, P.C. v Infinity Group,
 
 38 Misc 3d 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
 

 In
 
 Nyack Hosp. v General Motors Acceptance Corp.
 
 (8 NY3d 294 [2007]), the Court of Appeals, noting that no-fault benefits are overdue if not paid within 30 calendar days after receipt of a fully complete claim, held that the word “claims,” as used in 11 NYCRR 65-3.15, the priority-of-payment regulation, does not encompass claims that are not yet complete because they have not been fully verified in accordance with 11 NYCRR 65-3.5 (b). In contrast, in the instant case, by denying the claim on May 10, 2011, defendant implicitly declared that the claim at issue was fully verified. As we read
 
 Nyack Hosp.
 
 to hold that fully verified claims are payable in the order they are received
 
 (see
 
 11 NYCRR 65-3.8 [b] [3]; 65-3.15;
 
 Nyack Hosp.,
 
 8 NY3d 294), defendant’s argument—that it need not pay the claim at issue because defendant paid other claims after it had denied the instant claim, which subsequent payments exhausted the available coverage—lacks merit
 
 (see
 
 11 NYCRR 65-3.15;
 
 cf. Nyack Hosp.,
 
 8 NY3d 294;
 
 but see Harmonic Physical Therapy, P.C. v Praetorian Ins. Co.,
 
 47 Misc 3d 137[A], 2015 NY Slip Op 50525[U] [App Term, 1st Dept 2015]). Consequently, defendant
 
 *46
 
 has not established its entitlement to summary judgment dismissing the complaint.
 

 Accordingly, the order is affirmed.
 

 Solomon, J.P., Pesce and Elliot, JJ., concur.