First American Alliance, Inc., as Assignee of Claudia Davis, Respondent, 
against
Ameriprise Ins. Co., Appellant.




Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for appellant.
Gary Tsirelman, P.C. (Irena Golodkeyer of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered September 25, 2015. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on a bill for $630 is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint. In support of its motion, defendant alleged that, after it had denied the claims that are the subject of this action, it paid other claims and that those subsequent payments had exhausted the available coverage. However, even if true, this allegation does not warrant summary judgment dismissing the complaint on the basis of an exhaustion of available coverage defense (see 11 NYCRR 65-3.15; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see also Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]).
With respect to a bill for $630, defendant established that the denial of claim form, which had denied that claim on the ground of lack of medical necessity, had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant [*2]further submitted an affirmation and an affirmed peer review report which set forth a factual basis and medical rationale for the orthopedic surgeon's determination that there was a lack of medical necessity for the equipment at issue (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Defendant's prima facie showing was not rebutted by plaintiff.
Accordingly, the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on the bill for $630 is granted. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018