Sovera Med. Supply Corp. v State Farm Mut. Auto. Ins. Co. (2020 NY Slip Op
51363(U))

[*1]

Sovera Med. Supply Corp. v State Farm Mut. Auto. Ins. Co.

2020 NY Slip Op 51363(U) [69 Misc 3d 142(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2120 K C

Sovera Medical Supply Corp., as Assignee
of Jose Gonzalez, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Picciano & Scahill, P.C. (Matthew Sledzinski of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered April 26, 2018. The judgment, entered pursuant to an order of that
court entered May 10, 2016 granting defendant's motion to dismiss the complaint pursuant to
CPLR 3126, dismissed the complaint.

ORDERED that the judgment is reversed, with $30 costs, so much of the order entered May
10, 2016 as granted defendant's motion seeking to dismiss the complaint is vacated and
defendant's motion is granted to the extent of compelling plaintiff to provide responses to
defendant's demand for interrogatories, demand for discovery and inspection, and demand for
expert disclosure within 60 days of the date of this decision and order.
In this action by a provider to recover assigned first-party no-fault benefits, on April 10,
2015, the parties entered into a stipulation in which plaintiff agreed to serve verified responses to
defendant's demand for interrogatories, demand for discovery and inspection, and demand for
expert disclosure within 60 days. In July 2015, defendant moved to dismiss the complaint
pursuant to CPLR 3126 due to plaintiff's failure to provide the agreed-upon discovery. By order
entered May 10, 2016, the Civil Court granted defendant's motion. A judgment dismissing the
complaint was entered on April 26, 2018.
Although a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction
against a party who "refuses to obey an order for disclosure or wilfully fails to disclose [*2]information which the court finds ought to have been disclosed
[upon notice]" (CPLR 3126 [3]), "the drastic remedy of striking [a pleading] is inappropriate
absent a clear showing that the failure to comply with discovery demands is willful,
contumacious, or in bad faith" (Jenkins
v Proto Prop. Servs., LLC, 54 AD3d 726, 726-727 [2008] [internal quotation marks and
citation omitted]; accord Laskin v
Friedman, 90 AD3d 617, 617-618 [2011]; see Denoyelles v Gallagher, 40 AD3d 1027, 1027 [2007]). Here,
defendant could not show that plaintiff had failed to comply with a court order, as no such order
had ever been entered, and defendant further did not make a clear showing that the alleged failure
of plaintiff to comply with defendant's discovery demands and the parties' stipulation was willful,
contumacious or in bad faith. As a result, the Civil Court improvidently exercised its discretion
in granting defendant's motion to strike plaintiff's complaint (see Delta Diagnostic Radiology, P.C. v Travelers Prop. Cas. Co. of Am.,
35 Misc 3d 147[A], 2012 NY Slip Op 51064[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2012]).
Accordingly, the judgment is reversed, so much of the order entered May 10, 2016 as granted
defendant's motion seeking to dismiss the complaint is vacated and defendant's motion is granted
to the extent of compelling plaintiff to provide responses to defendant's demand for
interrogatories, demand for discovery and inspection, and demand for expert disclosure within 60
days of this decision and order.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020