S.O.V. Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co. (2020 NY Slip Op
51365(U))

[*1]

S.O.V. Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co.

2020 NY Slip Op 51365(U) [69 Misc 3d 142(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2152 K C

S.O.V. Acupuncture, P.C., as Assignee of
Joyanne Jordan, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

Gary Tsirelman, P.C. (Douglas Mace of counsel), for appellant.
Rivkin Radler, LLP (Henry Mascia, Stuart M. Bodoff and Cheryl F. Korman of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered September 20, 2018. The order granted defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that the amount of available coverage had been
exhausted.
In support of its motion, defendant alleged that, after it had partially denied the claims that
are the subject of this action, it paid other claims and that those subsequent payments had
exhausted the available coverage. However, even if true, this allegation does not warrant
summary judgment dismissing the complaint on the basis of an exhaustion of available coverage
defense (see 11 NYCRR 65-3.15; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see also Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d
294 [2007]). To the extent defendant argues, in the alternative, that the branch of its motion
seeking summary judgment dismissing the complaint on the ground that [*2]it had fully paid the claims in accordance with the workers'
compensation fee schedule should have been granted, as noted in plaintiff's opposing papers,
defendant's moving papers failed to demonstrate, as a matter of law, that the fees charged
exceeded the amount set forth in the workers' compensation fee schedule (see Rogy Med., P.C. v Mercury Cas.
Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2009]). Consequently, defendant's motion should have been denied.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020