Live In Grace Acupuncture, P.C. v GEICO Gen. Ins. Co. (2020 NY Slip Op
51360(U))

[*1]

Live In Grace Acupuncture, P.C. v GEICO Gen. Ins. Co.

2020 NY Slip Op 51360(U) [69 Misc 3d 142(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2090 K C

Live In Grace Acupuncture, P.C., as
Assignee of Noemi Oyala and Gianina Valentine, Respondent,
against
GEICO General Ins. Co., Appellant. 

Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered August 24, 2018. The order, insofar as appealed from and as limited by the
brief, denied the branch of defendant's cross motion seeking summary judgment dismissing so
much of the complaint as sought to recover upon claims using CPT codes 97813 and 97814, and
granted the branch of plaintiff's motion seeking summary judgment upon those claims with
respect to assignor Noemi Oyala.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, the branch
of defendant's cross motion seeking summary judgment dismissing so much of the complaint as
sought to recover upon claims using CPT codes 97813 and 97814 is granted, and the branch of
plaintiff's motion seeking summary judgment upon those claims with respect to assignor Noemi
Oyala is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment and defendant cross-moved for summary judgment dismissing the
complaint. As limited by its brief, defendant appeals from so much of an order of the Civil Court
entered August 24, 2018 as denied the branch of defendant's cross motion seeking summary
judgment dismissing so much of the complaint as sought to recover upon claims using CPT
codes 97813 and 97814, and granted the branch of plaintiff's motion seeking summary judgment
[*2]upon those claims with respect to assignor Noemi Oyala.
The branch of defendant's cross motion seeking summary judgment dismissing so much of
the complaint as sought to recover upon claims using CPT codes 97813 and 97814 was based
upon the defense that it had fully paid plaintiff for the services at issue in accordance with the
workers' compensation fee schedule. The record establishes that defendant demonstrated that it
had fully paid plaintiff in accordance with the workers' compensation fee schedule for the
services billed under CPT codes 97813 and 97814 for acupuncture services that plaintiff had
rendered after April 1, 2013. As a result, the branch of defendant's cross motion seeking
summary judgment dismissing so much of the complaint as sought to recover upon claims using
CPT codes 97813 and 97814 should have been granted (see 11 NYCRR 65-3.8 [g] [1]
[ii]; [2]; Jing Luo Acupuncture, P.C. v
NY City Tr.Auth., 60 Misc 3d 136[A], 2018 NY Slip Op 51083[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2018]; Oleg's Acupuncture, P.C. v Hereford Ins. Co., 58 Misc 3d 151[A],
2018 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's cross
motion seeking summary judgment dismissing so much of the complaint as sought to recover
upon claims using CPT codes 97813 and 97814 is granted, and the branch of plaintiff's motion
seeking summary judgment upon those claims with respect to assignor Noemi Oyala is
denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020