Domny Med. Servs., P.C. v Universal Ins. Co. (2021 NY Slip Op 50301(U))

[*1]

Domny Med. Servs., P.C. v Universal Ins. Co.

2021 NY Slip Op 50301(U) [71 Misc 3d 131(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1456 K C

Domny Medical Services, P.C., as Assignee
of Lucas, Alvin, Respondent,
against
Universal Insurance Co., Appellant. 

Jacobson & Schwartz, LLP (Henry J. Cernitz of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered August 12, 2019. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied its motion for summary judgment
dismissing the complaint on the ground that the insurance policy at issue does not include
applicable no-fault benefits. 
Defendant does not deny that it issued the insurance policy pursuant to which plaintiff seeks
payment, but argues that, as an out-of-state company with no ties to New York, it is not liable for
these services. Contrary to defendant's contention, it has not demonstrated, as a matter of law,
that its policies should not "be deemed to satisfy New York's financial security requirements and
to provide for the payment of first-party benefits" (Matter of American Ind. Ins. Co. v Nova Acupuncture, P.C., 137 AD3d
1270, 1272 [2016]; see Insurance Law § 5107; 11 NYCRR § 65-1.8) or
that the policy at issue does not otherwise mandate coverage under the circumstances (cf. Flushing Traditional Acupuncture, P.C.
v Infinity Group, 38 Misc 3d 21, 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]). 
Accordingly, the order, insofar as appealed from, is affirmed. 
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021