Jodi Jacobs, D.C., PLLC v Global Liberty Ins. Co. of NY (2021 NY Slip Op
50445(U))

[*1]

Jodi Jacobs, D.C., PLLC v Global Liberty Ins. Co. of NY

2021 NY Slip Op 50445(U) [71 Misc 3d 138(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-580 K C

Jodi Jacobs, D.C., PLLC, as Assignee of
Zurima Cole, Respondent, 
against
Global Liberty Ins. Co. of NY, Appellant.

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for appellant.
Gary Tsirelman, P.C. (Darya Klein of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered February 8, 2019. The order, insofar as appealed from and as limited
by the brief, granted plaintiff's motion to compel discovery, denied defendant's cross motion for
summary judgment dismissing the complaint, and made implicit CPLR 3212 (g) findings in
plaintiff's favor.

ORDERED that the order, insofar as appealed from, is modified by providing that the
branches of defendant's cross motion seeking summary judgment dismissing so much of the
complaint as sought to recover upon claims seeking to recover the sums of $325.99, $93.14,
$46.57, and $46.57 are granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
to compel discovery. Defendant cross-moved for summary judgment dismissing the complaint on
the grounds that plaintiff's assignor had failed to appear for duly scheduled independent medical
examinations (IMEs), that defendant had never received one of the claims at issue, and that the
unpaid portion of the $380.73 claim for services rendered for June 1, 2016 through June 13, 2016
exceeded the amount permitted by the workers' compensation fee schedule. By order entered
February 8, 2019, the Civil Court, insofar as is relevant to this appeal, granted plaintiff's motion
to compel discovery, and denied defendant's cross motion, but found, in effect pursuant to CPLR
3212 (g), that plaintiff and defendant had established timely mailing of the claim forms and the
denial of claim forms.
In support of its cross motion, defendant submitted an affidavit by a supervisor employed by
Omnimed Evaluation Services, which had been retained by defendant to schedule IMEs, which
affidavit sufficiently established that the IME scheduling letters had been timely and properly
mailed (see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant also
established that plaintiff's assignor had failed to appear for the duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Thus, defendant demonstrated that
plaintiff had failed to comply with a condition precedent to coverage (id. at 722). In view
of the foregoing, and as plaintiff has not challenged the Civil Court's finding, in effect, that
defendant is otherwise entitled to judgment, the branch of defendant's cross motion seeking
summary judgment dismissing so much of the complaint as sought to recover upon claims for the
sums of $93.14, $46.57, and $46.57 on the ground that plaintiff's assignor had failed to appear
for duly scheduled IMEs should have been granted.
The affidavit of defendant's claims representative established that defendant had never
received the claim seeking to recover the sum of $325.99 from plaintiff. As plaintiff never
established that the claim was mailed to defendant, the branch of defendant's cross motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon this
claim should have been granted (see Bright Med. Supply Co. v Tri State Consumer Ins.
Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2013]; Vista Surgical
Supplies Inc. v Allstate Ins. Co., 14 Misc 3d 129[A], 2006 NY Slip Op 52520[U] [App
Term, 2d Dept, 2d & 11th Jud Dists 2006]). 
Contrary to defendant's contention, defendant was not entitled to the dismissal of so much of
the complaint as sought to recover upon the unpaid portion of the $380.73 claim for services
rendered June 1, 2016 through June 13, 2016 because defendant failed to conclusively establish
its defense that the fees charged exceeded the amounts set forth in the workers' compensation fee
schedule (see Rogy Med., P.C. v
Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2009]). Indeed, "the fee schedule does not, in and of itself,
establish that defendant properly utilized the codes set forth within the workers' compensation fee
schedule to calculate the amount which plaintiff was entitled to recover for each service rendered
(see Kingsbrook Jewish Med. Ctr. v
Allstate Ins. Co., 61 AD3d 13 [2009]; Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY
Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009])" (Acupuncture Healthcare Plaza I, P.C. v
Metlife Auto & Home, 54 Misc 3d 142[A], 2017 NY Slip Op 50207[U], *1-2 [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
As defendant did not oppose plaintiff's motion to compel discovery, to the extent that the
order compels defendant to respond to plaintiff's discovery demands pertaining to the unpaid
portion of the $380.73 claim for services rendered June 1, 2016 through June 13, 2016, there is
no basis to disturb that portion of the order. 
Accordingly, the order, insofar as appealed from, is modified by providing that the branches
of defendant's cross motion seeking summary judgment dismissing so much of the complaint as
sought to recover upon claims seeking to recover the sums of $325.99, $93.14, $46.57, and
$46.57 are granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021