Sutphin Complete Med. Care, P.C. v Tri-State Consumer Ins. Co. (2022 NY Slip Op
50586(U))

[*1]

Sutphin Complete Med. Care, P.C. v Tri-State Consumer Ins.
Co.

2022 NY Slip Op 50586(U) [75 Misc 3d 139(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-679 K C

Sutphin Complete Medical Care, P.C., as
Assignee of Alexandria Bost, Respondent, 
against
Tri-State Consumer Insurance Company, Appellant.

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for appellant.
Zara Javakov, P.C. (Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered December 10, 2019. The order, insofar as appealed from, denied the
branches of defendant's motion seeking summary judgment dismissing so much of the complaint
as sought to recover upon bills numbered one through five and seven through nine.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much an order of the Civil Court as denied the branches of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon bills
numbered one through five and seven through nine.[FN1]
 Those branches of defendant's motion had sought summary judgment on the ground that
plaintiff's assignor had failed to appear for duly scheduled independent medical examinations
(IMEs) and, alternatively, as to bill number eight, for services rendered on December 30, 2011,
on the ground that plaintiff sought to recover an amount in excess of the amount permitted by the
workers' compensation fee schedule.
The affidavit defendant submitted in support of its motion for summary judgment failed to
sufficiently establish that the IME scheduling letters had been timely generated and properly
addressed pursuant to the standard practices and procedures of the IME scheduling vendor (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Moreover, the affirmations from
the doctors who were scheduled to perform the IMEs did not [*2]establish that they possessed personal knowledge of the
nonappearance of plaintiff's assignor for the IMEs. Therefore, defendant failed to establish its
entitlement, as a matter of law, to judgment dismissing the complaint on the ground that
plaintiff's assignor had failed to appear for duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Alleviation Med. Servs., P.C. v State Farm Mut. Auto. Ins. Co., 52
Misc 3d 128[A], 2016 NY Slip Op 50922[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2016]).
Furthermore, contrary to defendant's contention, defendant is not entitled to summary
judgment dismissing so much of the complaint as sought to recover upon bill number eight as
defendant failed to establish its defense that the amount charged exceeded the amounts permitted
by the workers' compensation fee schedule (see Jodi Jacobs, D.C., PLLC v Global Liberty
Ins. Co. of NY, 71 Misc 3d 131[A], 2021 NY Slip Op 50445[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2021]; Rogy
Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022

Footnotes

Footnote 1:The branch of defendant's
motion seeking summary judgment dismissing so much of the complaint as sought to recover on
the sixth bill, for $80.20 for date of service December 7, 2011, was granted.