North Queens Surgical Ctr. v Lancer Ins. Co. (2025 NY Slip Op 50191(U))

[*1]

North Queens Surgical Ctr. v Lancer Ins. Co.

2025 NY Slip Op 50191(U)

Decided on February 13, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, JOSEPH R. CONWAY, JJ

2024-362 S C

North Queens Surgical Center, as Assignee of Eugene Armand, Respondent,
against
Lancer Insurance Company, Appellant. 

Lawrence N. Rogak, LLC (Lawrence N. Rogak and Alison Gladowsky of counsel), for appellant.
Law Offices of Gabriel & Moroff, PC (Koenig Pierre and Matthew Sledzinski of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), entered March 5, 2024. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $7,582.15.

ORDERED that the judgment is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, a nonjury trial was held at which the parties stipulated that: (1) plaintiff had established its prima facie case; (2) defendant had timely denied plaintiff's claim on the ground of lack of medical necessity; and (3) after defendant denied plaintiff's claim, the insurance policy limits were exhausted due to defendant having paid claims which defendant received after it had denied the claim at issue. Defendant's sole argument at trial was that the insurance policy limits had been exhausted by payment of claims which it had received after the instant claim had been denied. The District Court (C. Stephen Hackeling, J.) found in favor of plaintiff and a judgment was entered on March 5, 2024 awarding plaintiff the principal sum of $7,582.15.
Defendant's sole contention on appeal, that it need not pay the claim at issue because defendant paid other claims after it had denied the instant claim, which subsequent payments exhausted the available coverage, lacks merit (see 11 NYCRR 65-3.15; Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]; Ortho Passive Motion, Inc. v Allstate Ins. Co., 61 Misc 3d 149[A], 2018 NY Slip Op 51749[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; but see Harmonic Physical Therapy, P.C. v Praetorian Ins. Co., 47 Misc 3d 137[A], 2015 NY Slip Op 50525[U] [App Term, 1st Dept 2015]).
Accordingly, the judgment is affirmed.
GARGUILO, P.J., WALSH and CONWAY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 13, 2025