Chiropractic Assoc. of Richmond Hill, P.C. v Nationwide Gen. Ins. Co. (2025 NY Slip Op 50506(U))

[*1]

Chiropractic Assoc. of Richmond Hill, P.C. v Nationwide Gen. Ins. Co.

2025 NY Slip Op 50506(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-603 Q C

Chiropractic Associates of Richmond Hill, P.C., as Assignee of Thomas St. Clair, Respondent,
against
Nationwide General Insurance Company, Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Law Offices of Jonathan B. Seplowe, P.C. (Alan M. Elis of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Karen Lin, J.), dated December 28, 2023. The order denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court (Karen Lin, J.) denying defendant's motion which had sought summary judgment dismissing the complaint on the ground that the policy limits had been exhausted.
To obtain summary judgment on its asserted defense of policy exhaustion, defendant had to prove that it had paid the limits of the policy in accordance with 11 NYCRR 65-3.15 (see Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], affd 191 AD3d 934 [2021]). Here, defendant failed to demonstrate, as a matter of law, that the policy limits were exhausted before completed claims from plaintiff were received (see Alleviation Med. Servs., P.C., 55 Misc 3d 44, affd 191 AD3d 934; S.O.V. Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 69 Misc 3d 142[A], 2020 NY Slip Op 51365[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Consequently, defendant failed to make a prima facie showing of its entitlement to summary judgment dismissing the complaint. We reach no other [*2]issue.
Accordingly, the order is affirmed.
BUGGS, J.P., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025