Wells Fargo Bank, N.A. v Sesey (2020 NY Slip Op 02822)





Wells Fargo Bank, N.A. v Sesey


2020 NY Slip Op 02822


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-03044
 (Index No. 12031/14)

[*1]Wells Fargo Bank, National Association, appellant,
v
Alice Sesey, respondent, et al., defendants.


Houser & Allison, APC, New York, NY (Kathleen M. Massimo and David A. Santana of counsel), for appellant.
Chidi A. Eze, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated January 17, 2017. The order granted the converted cross motion of the defendant Alice Sesey for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
It is undisputed that in September 2005, the defendant Alice Sesey (hereinafter the defendant) borrowed $540,000 from Option One Mortgage Corporation (hereinafter Option One) to finance the purchase of real property located in Brooklyn and secured the debt by executing and delivering a promissory note and mortgage encumbering the property in favor of Option One. Thereafter, Option One and the plaintiff entered into a Pooling and Servicing Agreement executed in November 2005 (hereinafter the Pooling Agreement).
In September 2006, the defendant allegedly defaulted on the note, and in March 2007, Option One commenced a foreclosure action against the defendant (hereinafter the Option One foreclosure action). However, after Option One failed to appear for a status conference, the Option One foreclosure action was dismissed without prejudice in June 2013. The plaintiff commenced the instant foreclosure action in August 2014 (hereinafter the Wells Fargo foreclosure action). While the defendant served a late answer in November 2014, which included affirmative defenses alleging, inter alia, the expiration of the statute of limitations, it was rejected by the plaintiff as untimely.
In January 2015, the plaintiff moved, inter alia, for an order of reference to compute the amount due and owing to the plaintiff, and the defendant cross-moved, inter alia, to compel the plaintiff to accept her late answer and pursuant to CPLR 3211 and RPAPL 1501 to dismiss the complaint insofar as asserted against her.
The Supreme Court granted that branch of the defendant's cross motion which was to compel the plaintiff to accept her late answer, converted that branch of the defendant's cross motion to dismiss into a cross motion for summary judgment dismissing the complaint insofar as asserted against her, and directed the parties to file additional papers addressing the issue of the [*2]accrual of the six-year statute of limitations. The court, in rendering this determination, took judicial notice of the Pooling Agreement, which had been publicly filed with the United States Securities and Exchange Commission, and observed that the Pooling Agreement authorized Option One, as master servicer, to commence foreclosure actions with respect to notes and mortgages placed in the trust for which the plaintiff was the nominated trustee. After the parties made additional submissions, the court granted the defendant's converted cross motion for summary judgment and directed dismissal of the complaint as time-barred. The plaintiff appeals.
As a preliminary matter, we note that neither the plaintiff nor the defendant challenge the Supreme Court's determination to take judicial notice of the Pooling Agreement. Further, even though a complete copy of the Pooling Agreement is not contained in the record before us, neither party disputes the accuracy of the Supreme Court's recitation as to the terms of the Pooling Agreement.
In support of her cross motion, the defendant submitted an attorney affirmation in which it was contended, in essence, that Option One commenced a foreclosure action and in so doing accelerated the entirety of the debt, Option One had standing to do so as holder of the note, that action was dismissed, and the plaintiff, as an assignee of Option One, commenced the instant action after the expiration of the statute of limitations. The defendant supported this argument with, inter alia, a copy of the publicly recorded deed to the subject premises, a copy of the publicly recorded mortgage to the subject premises, a copy of a publicly recorded assignment of the mortgage from Option One to the plaintiff, the summons and complaint associated with the Option One foreclosure action, and the summons, complaint, and verified answer with counterclaims associated with the Wells Fargo foreclosure action. The documents submitted by the defendant established, prima facie, that the statute of limitations began to run on the entire debt on March 16, 2007, when the Option One foreclosure action was commenced and the debt was accelerated (see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; cf. Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted, inter alia, an attorney affirmation to which documents were appended purporting to be the note and an allonge. The plaintiff also submitted the affidavit of Nancy Chouanard, a vice president employed by the plaintiff. The attorney affirmation was insufficient to authenticate the documents purporting to be the note and an allonge. The Chouanard affidavit also failed to authenticate such documents. Furthermore, while Chouanard claimed that the plaintiff's business records showed that the plaintiff received the original note endorsed to it as trustee on November 10, 2005, which would have been prior to the commencement of the Option One foreclosure action, Chouanard failed to identify what documents she relied upon to support that conclusory assertion, much less submit any properly authenticated business records. Even assuming that Chouanard's affidavit was sufficient to establish a proper foundation for the admission of business records pursuant to CPLR 4518(a), the plaintiff failed to submit copies of the business records themselves. "[T]he business record exception to the hearsay rule applies to a writing or record' (CPLR 4518[a]) . . . [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation omitted]). "While a witness may read into the record from the contents of a document which has been admitted into evidence (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826-827), a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). Thus, Chouanard's assertions as to the contents of the records were inadmissible hearsay as the documents themselves were not submitted (see id. at 774; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516). A review of records maintained in the normal course of business does not vest an affiant with personal knowledge (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1517).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's converted cross motion for summary judgment dismissing the complaint insofar as asserted against her.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court