JPF Med. Servs., P.C. v Nationwide Ins. (2020 NY Slip Op 51122(U))

[*1]

JPF Med. Servs., P.C. v Nationwide Ins.

2020 NY Slip Op 51122(U) [69 Misc 3d 127(A)]

Decided on September 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., THOMAS P. ALIOTTA, BERNICE D.
SIEGAL, JJ

2018-2041 K C

JPF Medical Services, P.C., as Assignee of
Castillo, Rigoberto, Appellant, 
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Hollander Legal Group , P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered August 9, 2018. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint and denied plaintiff's cross motion for summary judgment.
To obtain summary judgment on its asserted defense of policy exhaustion, defendant had to
prove that it had paid the limits of the policy in accordance with 11 NYCRR 65-3.15 (see Nyack Hosp. v General Motors
Acceptance Corp., 8 NY3d 294 [2007]; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Here, defendant failed to
demonstrate, as a matter of law, that it had made any payments under the policy because, as
plaintiff argues, defendant's claim specialist did not lay a sufficient foundation for the payment
log, upon which defendant relied, to be accepted as proof that the payments listed therein had
been made (see CPLR 4518 [a]; People v Kennedy, 68 NY2d 569 [1986]; Charles Deng Acupuncture, P.C. v 21st
Century Ins. Co., 61 Misc 3d 154[A], 2018 NY Slip Op 51815[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2018]). Although defendant's claim specialist referred to an
affidavit annexed as exhibit K, which presumably discussed the payment log, an affidavit was not
attached to the papers received by the court. Consequently, defendant failed to make a prima
facie showing of its entitlement to summary judgment dismissing the complaint.
Plaintiff's motion for summary judgment was properly denied, as the proof submitted by
plaintiff failed to establish that the claims had not been timely denied (see Viviane Etienne Med. [*2]Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]),
or that defendant had issued timely denial of claim forms that were conclusory, vague or without
merit as a matter of law (see
Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co.,
32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 18, 2020