Alleviation Med. Servs., P.C. v Allstate Ins. Co. (2021 NY Slip Op 08159)





Alleviation Med. Servs., P.C. v Allstate Ins. Co.


2021 NY Slip Op 08159


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-09903
 (Index No. 53489/11)

[*1]Alleviation Medical Services, P.C., as assignee of Ali Al Rahabi, respondent, 
v
Allstate Insurance Company, appellant. Peter C. Merani, P.C., New York, NY, for appellant.


Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for respondent.
Rivkin Radler LLP, Uniondale, NY (Evan H. Krinick, Barry I. Levy, and Henry M. Mascia of counsel), for amici curiae New York Insurance Association, Inc., and Property Casualty Insurers Association of America.



DECISION & ORDER
In an action to recover no-fault benefits, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated March 29, 2017. The order affirmed an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered April 1, 2015, denying the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated March 29, 2017, is affirmed, with costs.
In June 2011, the plaintiff commenced the instant action against the defendant in the Civil Court of the City of New York, Queens County, seeking to recover the sum of $4,748.69 for treatment provided to its assignor in April 2011, following a motor vehicle accident that occurred on October 20, 2010. The plaintiff alleged, among other things, that a no-fault claim and verification
were sent to the defendant on April 19, 2011, and that the defendant failed to properly deny the claim or request additional verification in compliance with no-fault regulations.
In May 2014, the defendant moved for summary judgment dismissing the complaint, arguing that the benefits under the no-fault policy had been exhausted. The Civil Court denied the defendant's motion, and the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts affirmed. The defendant appeals, and we affirm, albeit on different grounds than those relied upon by the Civil Court or the Appellate Term.
"Under the no-fault system, payments of benefits 'shall be made as the loss is incurred'" (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860, quoting Insurance Law § 5106[a]). Under this regulatory scheme, "an insurer shall pay benefits directly to the 'applicant,' or, upon assignment by the applicant, 'shall pay benefits directly to providers of health care services'" (East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d 202, 207, quoting 11 NYCRR 65-3.11[a]). In addition, "an insurer is required to either pay or deny a claim for no-fault automobile [*2]insurance benefits within 30 days from the date an applicant supplies proof of claim" (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278; see Insurance Law § 5106[a]). However, "[a]n insurer is not required to pay a claim where the policy limits have been exhausted" (see Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co., 8 AD3d 533, 534) since, where payments made by an insurer meet or exceed the policy limits, "its duties under the contract of insurance cease" (Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co., 216 AD2d 448, 448; see 11 NYCRR 65-3.15).
"[A]n insurer must pay or deny only a verified claim—that is, a claim that has been verified to the extent compliance with section 65-3.5 dictates in the particular case—within 30 calendar days of receipt; and, conversely, is not obligated to pay any claim until it has been so verified" (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 299). Once claims have been verified they are subject to the priority of payment regulation, 11 NYCRR 65-3.15 (see Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d at 300).
While the defendant submitted records indicating that the subject no-fault policy had been exhausted in 2013, the defendant's submissions failed to establish its prima facie entitlement to judgment as a matter of law. Although the defendant submitted an affidavit from one of its employees that set forth the defendant's ordinary business practice of receiving, recording, and denying no-fault claims from medical providers, the affidavit is bereft of any specific information regarding this claim. The defendant failed to submit the no-fault application, verification, any request for verification, or any denial associated with the plaintiff's claim for payment. "While a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (Wells Fargo Bank, N.A. v Sesey, 183 AD3d 780, 783 [citation and internal quotation marks omitted]). Because "a review of records maintained in the normal course of business does not vest an affiant with personal knowledge" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517), the employee's assertions as to the contents of the no-fault file are inadmissible hearsay (see Wells Fargo Bank, N.A. v Sesey, 183 AD3d at 783; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774). Accordingly, there are issues of fact remaining as to when the claim was denied, and the basis and efficacy of the denial (see Paulin v Needham, 28 AD3d 531).
The parties' remaining contentions, including those raised by the amici curiae, need not be reached in light of our determination.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court