JPC Med., P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
50562(U))

[*1]

JPC Med., P.C. v State Farm Mut. Auto. Ins. Co.

2022 NY Slip Op 50562(U) [75 Misc 3d 136(A)]

Decided on June 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1478 K C

JPC Medical, P.C., as Assignee of Isaacs,
Wesley, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel.), for appellant.
Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered May 15, 2019. The order granted defendant's motion for summary judgment
dismissing the complaint and denied plaintiff's cross motion for summary judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint and denied plaintiff's cross motion for summary judgment.
To obtain summary judgment on its asserted defense of policy exhaustion, defendant had to
prove that it had paid the limits of the policy in accordance with 11 NYCRR 65-3.15 (see Nyack Hosp. v General Motors
Acceptance Corp., 8 NY3d 294 [2007]; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], affd 191 AD3d 934 [2021]).
Here, defendant failed to demonstrate, as a matter of law, that it had made any payments under
the policy because, as plaintiff argues, defendant's claim specialist did not lay a sufficient
foundation for the payment log, upon which defendant relied, to be accepted as proof that the
payments listed therein had been made (see CPLR 4518 [a]; People v Kennedy,
68 NY2d 569 [1986]; Charles Deng
Acupuncture, P.C. v 21st Century Ins. Co., 61 Misc 3d 154[A], 2018 NY Slip Op
51815[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Contrary to plaintiff's contention that its cross motion for summary judgment should have
been granted, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as
the affidavit plaintiff submitted in support of its motion failed to establish that the claim at issue
[*2]had not been timely denied (see Viviane Etienne Med. Care, P.C. v
Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely
denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 3, 2022