Matter of New Millennium Pain & Spine Medicine, P.C. v Progressive Cas. Ins. Co. (2023 NY Slip Op 05369)

Matter of New Millennium Pain & Spine Medicine, P.C. v Progressive Cas. Ins. Co.

2023 NY Slip Op 05369

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 654892/22 Appeal No. 879 Case No. 2023-03262 

[*1]In the Matter of New Millennium Pain & Spine Medicine, P.C. etc., Petitioner-Appellant,
v
Progressive Casualty Insurance Company, Respondent-Respondent.

Roman Kravchenko, Melville (Jason Tenenbaum of counsel), for appellant.
McCormack & Mattei, P.C., Garden City (Jamila Shukry of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.), entered June 28, 2023, which denied petitioner's application pursuant to CPLR article 75 to vacate a master arbitration award, dated December 1, 2022, affirming an arbitrator's award denying petitioner's claim for no-fault benefits for medical services rendered to the insured, unanimously affirmed, without costs.
The court correctly denied the petition to vacate the master arbitration award. "Generally, a court will not set aside an arbitrator's award for errors of law or fact unless the award is so irrational as to require vacatur" (Matter of Carty v Nationwide Ins. Co., 212 AD2d 462 [1st Dept 1995]). Here, petitioner does not dispute that the subject policy was exhausted prior to the underlying arbitration, but argues that its claim for no-fault compensation, which was submitted and denied prior to the exhaustion of the policy, should retain priority of payment. The fact that the arbitrator followed First Department precedent in Harmonic Physical Therapy, P.C. v Praetorian Ins. Co. (47 Misc 3d 137[A], 2015 NY Slip Op 50525[U] [App Term, 1st Dept 2015]) rather than Second Department precedent in Alleviation Med. Servs., P.C. v Allstate Ins. Co. (55 Misc 3d 44 [App Term, 2d Dept 2017], affd on other grounds 191 AD3d 934 [2d Dept 2021]) does not warrant reversal. To the contrary, this Court has held that, in awarding a claim after a policy has been exhausted, an arbitrator exceeded his or her power since an insurer's duties cease upon the insurer's payment of the contractual limit on its no-fault policy (see Matter of DTR Country-Wide Ins. Co. v Refill Rx Pharm., Inc., 212 AD3d 481 [1st Dept 2023], lv denied 40 NY3d 904 [2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023