Matter of Lam Quan, MD, PC v GEICO Gen. Ins. Co. (2024 NY Slip Op 00174)

Matter of Lam Quan, MD, PC v GEICO Gen. Ins. Co.

2024 NY Slip Op 00174

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 651286/23 Appeal No. 1423 Case No. 2023-03165 

[*1]In the Matter of Lam Quan, MD, PC, as Assignee of Ginaldi Mirambeaux, Petitioner-Appellant,
v
GEICO General Insurance Company, Respondent-Respondent.

Roman Kravchenko, Melville, for appellant.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered May 8, 2023, which denied petitioner Quan's petition to vacate a master arbitrator's award, dated February 26, 2023, affirming a lower arbitrator's award, dated January 11, 2023, unanimously affirmed, without costs.
The motion court correctly upheld the master arbitrator's determination that there were no grounds to vacate the initial arbitration award, as the master arbitrator found that the no-fault arbitrator reached the decision in a rational manner and that the decision was not arbitrary and capricious, incorrect as a matter of law, in excess of policy limits, or in conflict with other no-fault arbitration proceedings (see Matter of Miller v Elrac, LLC, 170 AD3d 436, 437 [1st Dept 2019]). As stated in Matter of New Millenium Pain & Spine Medicine., PC v Progressive Cas. Ins. Co. "[t]he fact that the arbitrator followed First Department precedent in Harmonic Physical Therapy, P.C. v Praetorian Ins. Co. (47 Misc 3d 137[A], 2015 NY Slip Op 50525[U] [App Term, 1st Dept 2015]), rather than Second Department precedent in Alleviation Med. Servs., P.C. v Allstate Ins. Co. (55 Misc 3d 44, 49 [App Term, 2d Dept 2017], affd on other grounds 191 AD3d 934 [2d Dept 2021]), does not warrant reversal. To the contrary, this Court has held that, in awarding a claim after a policy has been exhausted, an arbitrator exceeded his or her power since an insurer's duties cease upon the insurer's payment of the contractual limit on its no-fault policy" (220 AD3d 578, 578 [1st Dept 2023]).
Quan's argument that GEICO took the 20% wage offset twice—first, when issuing payment against gross wages; and second, when taken against the no-fault personal injury protection limit of liability (see Insurance Law § 5102[b]; 11 NYCRR 65-1.1) is unpreserved and, if considered (see Matter of DTR Country-Wide Ins. Co. v Refill Rx Pharm., Inc., 212 AD3d 481 [1st Dept 2023], affd 40 NY3d 904 [2023]), is unavailing (see Normile v Allstate Ins. Co., 87 AD2d 721 [3d Dept 1982], affd 60 NY2d 1003 [1983]).
Quan is not entitled to attorneys' fees pursuant to 11 NYCRR 65-4.10 (j)(4) (see Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 414-415 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024