Matter of New Millennium Pain & Spine Medicine, P.C. v Garrison Prop. & Cas. Ins. Co. (2024 NY Slip Op 00599)

Matter of New Millennium Pain & Spine Medicine, P.C. v Garrison Prop. & Cas. Ins. Co.

2024 NY Slip Op 00599

Decided on February 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 651264/23, 650919/23 Appeal No. 1590-1591 Case No. 2023-03313, 2023-03164 

[*1]In the Matter of New Millennium Pain & Spine Medicine, P.C., as Assignee of Michelle Hicks, Petitioner-Appellant,
v
Garrison Property & Casualty Insurance Company, Respondent-Respondent.
In the Matter of New Millennium Pain & Spine Medicine, P.C., as Assignee of Tracey Simpson, Petitioner-Appellant,
v
GEICO Casualty Company, Respondent-Respondent.

Roman Kravchenko, Melville, for appellant.
Marshall, Dennehey, Warner, Coleman & Goggin, P.C., New York (Richard Lane of counsel), for Garrison Property & Casualty Insurance Company, respondent.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for GEICO Casualty Company, respondent.

Order and judgment (one paper), Supreme Court, New York County (Erika M. Edwards, J.), entered July 3, 2023, which denied petitioner's application pursuant to CPLR article 75 to vacate a master arbitration award, dated January 12, 2023, affirming an arbitrator's award denying petitioner's claim for no-fault benefits for medical services rendered to the insured, unanimously affirmed, without costs. Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about May 12, 2023, which denied petitioner's application pursuant to CPLR article 75 to vacate a master arbitration award, dated February 1, 2023, affirming an arbitrator's award denying petitioner's claim for no-fault benefits for medical services rendered to the insured, unanimously affirmed, without costs.
Supreme Court correctly denied the petitions to vacate the master arbitration awards. "Generally, a court will not set aside an arbitrator's award for errors of law or fact unless the award is so irrational as to require vacatur" (see New Millenium Pain & Spine Medicine, P.C. v Progressive Casualty Insurance Company (220 AD3d 578, 578 [1st Dept 2023], quoting Matter of Carty v Nationwide Ins. Co., 212 AD2d 462, 462 [1st Dept 1995]), "The fact that the arbitrator[s] followed First Department precedent in (Harmonic Physical Therapy, P.C. v Praetorian Ins. Co., 47 Misc 3d 137[A], 2015 NY Slip Op 50525[U] [App Term, 1st Dept 2015]) rather than Second Department precedent in (Alleviation Med. Servs., P.C. v Allstate Ins. Co., 55 Misc 3d 44 [App Term, 2d Dept 2017], affd on other grounds 191 AD3d 934 [2d Dept 2021]) does not warrant reversal. To the contrary, this Court has held that, in awarding a claim after a policy has been exhausted, an arbitrator exceeded his or her power since an insurer's duties cease upon the insurer's payment of the contractual limit on its no-fault policy (see Matter of DTR Country—Wide Ins. Co. v Refill Rx Pharm., Inc., 212 AD3d 481 [1st Dept 2023], lv denied 40 NY3d 904 [2023])" (id).
New Millennium was not precluded from arguing for the first time in its petitions that respondent insurer took the 20% wage offset twice, first, when issuing payment against gross wages, and second, when taken against the no-fault personal injury protection limit of liability (Insurance Law§ 5102[b]; 11 NYCRR 65-1.1; Matter of DTR Country-Wide Ins. Co. v Refill Rx Pharm., Inc., 212 AD3d at 481). However, the argument is unavailing because Insurance Law § 5102(b) allows an insurer to deduct from first-party benefits to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle, 20% of lost earnings plus any other setoffs, such as amounts recovered or recoverable for Social Security disability or Worker Compensation benefits, or disability benefits under article 9 of the Workers Compensation Law (Matter of Lam Quam, MD, PC v GEICO, - AD3d -, 2024 NY Slip Op 00174 [1st Dept 2024]; Normile v Allstate [*2]Ins. Co., 87 AD2d 721 [3d Dept 1982], affd 60 NY2d 1003 [1983]).
New Millennium is not the prevailing party, therefore it is not entitled to attorneys' fees pursuant to 11 NYCRR 65-4.10 (j)(4) (see Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 414-415 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2024