JSJ Anesthesia Pain Mgt., PLLC v Nationwide Ins. Co. (2024 NY Slip Op 50203(U))

[*1]

JSJ Anesthesia Pain Mgt., PLLC v Nationwide Ins. Co.

2024 NY Slip Op 50203(U)

Decided on February 16, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 16, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM, JJ

2023-655 K C

JSJ Anesthesia Pain Management, PLLC, as Assignee of Gardner-Bowlyn, Janet, Appellant,
against
Nationwide Insurance Company, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Brian Rayhill (Ivy Cherian and Lawrence Wolkow of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Keisha M. Alleyne, J.), dated April 18, 2023. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment.

ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court granting defendant's motion for summary judgment dismissing the complaint on the ground that the policy limits had been exhausted, and denying plaintiff's cross-motion for summary judgment. 
To obtain summary judgment on its asserted defense of policy exhaustion, defendant had to prove that it had paid the limits of the policy in accordance with 11 NYCRR 65-3.15 (see Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 191 AD3d 934 [2021]). Here, defendant failed to demonstrate, as a matter of law, that it had made any payments under the policy because, as plaintiff argues, defendant's claim specialist did not lay a sufficient foundation for the payment log, upon which defendant relied, to be accepted as proof that the payments listed therein had been made (see CPLR 4518 [a]; People v Kennedy, 68 NY2d 569 [1986]; JPC Med., P.C. v State Farm Mut. Auto. Ins. Co., 75 Misc 3d 136[A], 2022 NY Slip Op 50562[U], *1 [App Term, 2d Dept, 2d, [*2]11th & 13th Jud Dists 2022]; JPF Med. Servs., P.C. v Nationwide Ins., 69 Misc 3d 127[A], 2020 NY Slip Op 51122[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Charles Deng Acupuncture, P.C. v 21st Century Ins. Co., 61 Misc 3d 154[A], 2018 NY Slip Op 51815[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Consequently, defendant failed to make a prima facie showing of its entitlement to summary judgment dismissing the complaint. 
Plaintiff's cross-motion for summary judgment was properly denied, as plaintiff failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim form that was conclusory, vague, or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2024