JFL Med. Care, P.C. v MVAIC (2024 NY Slip Op 50202(U))

[*1]

JFL Med. Care, P.C. v MVAIC

2024 NY Slip Op 50202(U)

Decided on February 16, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 16, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM, JJ

2023-225 K C

JFL Medical Care, P.C., as Assignee of Johnny, Alisha K., Appellant, 
against
MVAIC, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Marshall & Marshall, PLLC (Angelique Evangelista and Frank D'Esposito of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Keisha M. Alleyne, J.), dated January 23, 2023. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment.

ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court granting a motion by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) for summary judgment dismissing the complaint on the ground that the policy limits had been exhausted, and denying plaintiff's cross-motion for summary judgment.
To obtain summary judgment on its asserted defense that the limits of any available coverage had already been exhausted, MVAIC had to prove that its payments exhausted the available coverage in accordance with 11 NYCRR 65-3.15 (see Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]; Alleviation Med. Servs., P.C. v Allstate Ins. Co., 191 AD3d 934 [2021]). Here, as MVAIC failed to set forth the dates on which it had received the various claims and the dates on which such claims became fully verified, MVAIC failed to demonstrate, as a matter of law, that the limits of the available coverage had been exhausted in accordance with 11 NYCRR 65-3.15. Consequently, MVAIC failed to make a prima facie [*2]showing of its entitlement to summary judgment dismissing the complaint.
Plaintiff's cross-motion for summary judgment was properly denied, as plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague, or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2024