**MedMart of NY, Corp. v MVAIC**

2026 NY Slip Op 30575(U)

February 25, 2026

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-745168-20/KI

Judge: Sandra Elena Roper

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS                     PART    41

_____

MEDMART OF NY, CORP.,                          Index No. CV-745168-20/KI
A/A/O BAUDOUIN, CHRISTOPHER
                                               Motion Cal. # 25+26(reg) Seq. # 1+2

              *Plaintiff*,
                                               **DECISION AND ORDER**

                                               Recitation, as required by CPLR § 2219(a) of the
                                               papers considered in review of this Motion:
              -against-
                                               **Papers:**

                                               Notice of D's Motion and Affidavits Annexed…1-2
MVAIC                                          Plaintiff's  X-M Motion and Affidavits Annexed 2-3
                                               D's Opp …………………………………..…..4

              *Defendant*.

_____


Upon reading and filing the papers submitted on Defendant's motion and Plaintiff's cross-motion
(including all exhibits and affidavits), and after oral argument, it is hereby decided as follows:

Findings as to the claim timeline (undisputed for purposes of the motions)

The Court finds and/or it is undisputed that:

1.  Defendant received Plaintiff's bills on March 14, 2018 for dates of service February 24,
    2018.
2.  Defendant issued verification requests dated April 2, 2018 and May 8, 2018.
3.  Defendant received the requested verification on June 4, 2018.
4.  The assignor was deemed covered on June 14, 2018.
5.  Defendant issued its denials dated July 2, 2018.

Prima facie showings

Plaintiff has established its prima facie case for payment through proof in admissible form of the
submission of the statutory claim forms and billing and proof of mailing/receipt, thereby
demonstrating entitlement to payment absent a triable defense.

Defendant has likewise established a prima facie showing sufficient to place its policy exhaustion
defense in issue for trial (i.e., that exhaustion is the defense being litigated), based upon its denial
form.

[* 1]

## Policy exhaustion: triable issue for trial; ledger not competent proof on summary judgment

However, Defendant has not demonstrated entitlement to summary judgment on its policy exhaustion defense because the payment ledger/payout log relied upon is not in admissible form on this record and in any event, there are questions as to whether this instant bill should have been paid prior to other bills based on priority of payment.

Defendant's exhaustion showing relies on a computer-generated printout / spreadsheet / payment ledger submitted without a proper evidentiary foundation under CPLR 4518(a). A business record requires proof, by a witness competent to testify, that the record was made in the regular course of business, that it was the regular course of such business to make it, and that it was made contemporaneously or within a reasonable time of the event recorded; the foundation must be laid by a person with personal knowledge of the maker's record-keeping practices and procedures. *See* People v Kennedy, 68 N.Y.2d 569 (1986); West Val. Fire Dist. No. 1 v Village of Springville, 294 A.D.2d 949 (4th Dep't 2002).

Here, although Defendant submitted an affidavit (including, inter alia, an affidavit from Cheryl Story), the affidavit does not establish when, how, and by whom the electronic ledger was created and maintained, nor do they establish that the paper printout submitted is a true and accurate representation of the electronic record kept, as required for admission of electronically stored business records under CPLR 4518(a). Accordingly, Defendant's ledger is inadmissible on summary judgment, and Defendant therefore fails to establish, as a matter of law, that the policy was exhausted. *See* Masigla v 21st Century Ins. Co., 2019 NY Slip Op 50938(U) (citing Palisades Collection, LLC v Kedik, 67 A.D.3d 1329 [4th Dep't 2009]); Island Life Chiropractic, P.C. v Commerce Ins. Co., 56 Misc.3d 129(A) (App. Term, 2d Dep't 2017); Charles Deng Acupuncture, P.C. v MVAIC, 66 Misc.3d 129(A) (App. Term, 2d Dep't 2019); JPF Med. Servs., P.C. v Nationwide Ins., 69 Misc.3d 127(A) (App. Term, 2d Dep't 2020); JPC Med., P.C. v State Farm Mut. Auto. Ins. Co., 75 Misc.3d 136(A) (App. Term, 2d Dep't 2022); Charles Deng Acupuncture, P.C. v 21st Century Ins. Co., 61 Misc.3d 154(A) (App. Term, 2d Dep't 2018) (citing Palisades Collection, LLC v Kedik, 67 A.D.3d 1329 [4th Dep't 2009])

Further, the Court notes Plaintiff's contention that the ledger—even if considered for limited purposes—reflects that numerous payments were made after June 14, 2018, i.e., after the assignor was deemed covered in connection with the subject claim, which underscores that the alleged exhaustion and its timing present factual issues not resolvable on this record.

## Ledger may be used only against Defendant

To the extent Plaintiff seeks to rely upon Defendant's own ledger entries as admissions against Defendant's interest, the Court does not preclude Plaintiff from offering such proof for that limited purpose at trial, subject to the rules of evidence. Defendant, however, may not rely on the unauthenticated ledger to obtain summary judgment in its favor on exhaustion in the absence of a proper foundation under CPLR 4518(a).

Accordingly, it is hereby:

[* 2]

1. ORDERED, that the Court finds that Plaintiff has established its prima facie case; and it is further

2. ORDERED, that the Court finds that Defendant has established its prima facie showing sufficient to proceed on its policy exhaustion defense, but has not established entitlement to summary judgment on exhaustion on this record; and it is further

3. ORDERED, that Plaintiff's motion and Defendant's cross-motion are each denied to the extent either party seeks summary judgment dispositive relief, as triable issues of fact remain regarding Defendant's policy exhaustion defense (including exhaustion and the timing and proof thereof); and it is further

4. ORDERED, that this action shall proceed to trial limited to Defendant's policy exhaustion defense (and any issues necessarily subsumed within that defense, including the admissibility/foundation of the purported payment ledger and the timing of any claimed exhaustion); and it is further

5. ORDERED, that Defendant's payment ledger/payout log, as submitted on the motions, is a computer printout without a proper CPLR 4518 foundation and is therefore inadmissible to establish exhaustion in Defendant's favor on summary judgment, without prejudice to Defendant laying a proper foundation at trial; and it is further

6. ORDERED, that Plaintiff is not precluded from using Defendant's ledger entries against Defendant's interest, subject to the rules of evidence at trial.

This constitutes the Decision and Order of the Court.

*The undersigned attorneys certify that none of the cases cited within this case or this motion were found using, in any capacity, generative artificial intelligence.*

Counsel for Plaintiff – Printed Name and Initials:      Richard Rozhik, Esq/RR

Counsel for Defendant – Printed Name and Initials: David Gary, Esq /DG

Date:   February 25, 2026
        Brooklyn, New York

_____
Hon. Sandra Elena Roper
Civil Court Kings County

ENETERED - Kings Civil Court
2/26/2026, 12:56:11 PM

[* 3]